IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICTORIA SCHILLER,

                         Plaintiff,

    v.

STATE OF WISCONSIN, SHEILA REIFF,
LISA FRIEDRICH, SHANE FALK,
SHELLY ANDAY, ANTHONY MENTING,
and THEODORE GURMAN,

                         Defendants.

OPINION and ORDER

23-cv-177-jdp

---

       Plaintiff Victoria Schiller, without counsel, brings this lawsuit against her ex-husband and various lawyers and other staff involved in the litigation of her state-court divorce proceedings, contending that defendants violated her rights under federal and state law. The court has already granted Schiller leave to amend her complaint. Dkt. 35. Four sets of defendants have filed motions to dismiss the amended complaint, Dkt. 22, and two defendants remain unserved. I will grant defendants' motions and dismiss them from the case. The same arguments for dismissal apply to the unserved defendants, so I will dismiss the case in its entirety.

BACKGROUND

       In 2015, Schiller and her then-husband Theodore Gurman filed a joint petition for divorce in Dane County Circuit Court. *In re the marriage of Victoria Lynn Gurman and Theodore Howard Gurman*. Case No. 2015FA788. The judgment of divorce incorporated settlement agreements signed by the parties regarding division of property and child custody and placement. Schiller filed various post-judgment motions and other filings, with Schiller

withdrawing some of those filings and the circuit court ruling on others. Schiller appealed a circuit court ruling about the court's calculation of money owed her under portions of a settlement agreement regarding her share of a company she had co-owned with Gurman. The Wisconsin Court of Appeals affirmed the circuit court's decision. *Schiller v. Gurman*, 2021 WI App 27, ¶ 2, 397 Wis. 2d 243, 959 N.W.2d 88. The Wisconsin Supreme Court dismissed Schiller's petition for review as untimely. *Schiller v. Gurman*, 2022 WI 87, 989 N.W.2d 117.

Schiller contends that she was deprived of her civil rights under 42 U.S.C §§ 1983, 1985, and 1986 and under state law. More specifically, she states that "[d]uring the post-divorce litigation in 2019–2021 [she] was deprived of property and the right to custody and society of her one minor child without due process of law," and she challenges as unconstitutional the Wisconsin Supreme Court's filing-deadline policies and the use of mediation in post-judgment divorce proceedings. Dkt. 22, at 13. She names the following defendants in her amended complaint: Gurman; Anthony Menting (Gurman's attorney); Lisa Friedrich (a guardian ad litem appointed for Schiller and Gurman's minor child); Shane Falk (a guardian ad litem appointed for Schiller in post-judgment proceedings; Shelly Anday (a family court social worker); Sheila Reiff (clerk of the Wisconsin Supreme Court and Court of Appeals); and the state of Wisconsin. She contends that these defendants conspired to violate her rights.

ANALYSIS

A. Motions to dismiss

Four sets of defendants have filed motions to dismiss: (1) Gurman, Dkt. 54; (2) Menting, Dkt. 59; (3) Friedrich, Dkt. 44; and (4) Reiff and the state of Wisconsin, Dkt. 51.[1]

These different sets of defendants raise many of the same arguments in their motions, chiefly that Schiller's claims are barred under the *Rooker-Feldman* doctrine and under the "domestic relations exception" to federal jurisdiction, that the defendants cannot be sued under the federal statutes raised by Schiller, and that without federal claims the court cannot exercise diversity jurisdiction over her claims. I agree with defendants and will grant their motions to dismiss.

1. The Rooker-Feldman doctrine

I'll start with the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing civil judgments entered by state courts. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, (2005). The doctrine is limited to federal claims that

---

[1] After the parties briefed defendants' motions to dismiss, Schiller filed a motion to again amend her complaint, this time with a significantly trimmed down second amended complaint. Dkt. 79. I will deny that motion because Schiller's proposed amendment is futile: the analysis in this opinion applies the same to her proposed second amended complaint. Schiller also filed motions to supplement her responses to defendants' motions to dismiss, Dkts. 84 and 86, which I will grant. I have considered her supplements in assessing defendants' motions to dismiss.

3

"'directly' challenge a state court judgment or are 'inextricably intertwined with one.'" *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021) (quoting *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019)).

As defendants repeatedly point out, Schiller's amended complaint is extremely long (106 pages) and somewhat difficult to follow. But it is clear that she wants this court to undo various orders made by the state courts in this case: she explicitly asks "[f]or a ruling on the invalidity of the past custody and placement decrees from the ordered binding arbitration," parts of the record to be "vacat[ed]" or "expunge[d]," and for this court to interpret the marital settlement agreements differently from how the state courts did. *See, e.g.*, Dkt. 22, ¶¶ 148, 153, 154, 160. The *Rooker-Feldman* doctrine prohibits this district court from reviewing those decisions "even if those challenges allege that the state court's action was unconstitutional." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Her allegations of conspiracy among the parties and the circuit court judge are too vague and conclusory to satisfy federal pleading standards. But even properly pleaded they would not be enough to overcome the *Rooker-Feldman* doctrine. *See Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 404–06 (7th Cir. 2023) (concluding there is no "corruption exception" to *Rooker-Feldman*).

2. **Other problems with federal-law claims**

Even if the *Rooker-Feldman* doctrine didn't apply, Schiller almost certainly wouldn't be able to sue the defendants under the federal statutes she names in her complaint, nor can I conceive of a different federal cause of action she might state. She invokes 42 U.S.C. § 1985(3) ("Conspiracy to interfere with civil rights") and § 1986 (Action for neglect to prevent [act prohibited by § 1985]), but claims under this theory are limited to conspiracies "motivated by racial, or other class-based discriminatory animus." *Smith v. Gomez*, 550 F.3d 613, 617 (7th

4

Cir. 2008). Schiller's contention that defendants conspired specifically against her, without any race-based reason for doing so, does not state a claim under these statutes.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived her of a federal right. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010). Schiller can't state a claim against these defendants under § 1983 for various reasons. Gurman and his attorney Menting, as private citizens, were not acting under color of state law. Guardian ad litem Friedrich is immune from liability as long as the acts in issue "occurred within the course of [her] court appointed duties." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009); *see also Collins v. Carroll*, 2022 WL 220173, at *2 (E.D. Wis. Jan. 25, 2022). The state of Wisconsin is not a person that can be sued for constitutional violations in a lawsuit brought under § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65–66 (1989). It is less clear whether court clerk Reiff has immunity for her role in implementing or overseeing the e-filing system that allegedly caused filing problems that Schiller bases some of her constitutional claims on. But Reiff is likely entitled to qualified immunity on this relatively novel claim. *See, e.g.*, *Fosnight v. Jones*, 41 F.4th 916, 924 (7th Cir. 2022) (government officials entitled to qualified immunity unless constitutional right was clearly established at the time of the violation).

### 3. Other problems with state-law claims

There are other fatal impediments to Schiller's state-law claims. Without any valid federal-law claims, this court cannot entertain state-law claims unless the plaintiff establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Schiller does not allege the citizenship of all the parties, but she does allege that both she and Gurman are Wisconsin citizens, and she names the state of

5

Wisconsin as a defendant. It is almost certain that most or all of the other defendants are also Wisconsin citizens. So she cannot establish diversity jurisdiction.

Moreover, under the "domestic relations exception" to federal jurisdiction, federal courts generally lack jurisdiction over disputes challenging divorce, custody, or alimony decrees, even if those disputes might otherwise fall under diversity or federal question jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

Because Schiller doesn't state either federal-law or state-law claims that this court can consider, I will grant defendants' motions to dismiss.

**B. Remaining defendants**

Schiller did not properly serve defendants guardian ad litem Falk and court social worker Anday and so they have not responded to the complaint. Schiller asks for an extension of time to do so, Dkts. 65 and 77. She also requests reimbursement of funds she paid a sheriff to serve Falk, Dkt. 50, contending that she indeed properly served Falk by sending a summons to the attorney general. She is incorrect that service on Falk was accomplished through the attorney general. I'll deny her motion for reimbursement. I will deny as moot Schiller's motions for extensions of the time to serve Falk and Anday because her claims against them are futile for the reasons I've stated above. I will dismiss Schiller's claims against these defendants.

The court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of the entire case is appropriate because I see no allegations suggesting that Schiller could amend her complaint to state a claim for relief in federal court.

6

**C. Other motions**

Schiller has filed several motions to seal various parts of the record or the entire case. Dkts. 47–49; 63; 66; 90. Some of the records associated with those filings have been sealed pending a ruling from this court. Court records are "presumptively open to public view, even if [plaintiff] strongly prefer[s] secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Schiller provides no persuasive reason to seal any part of the record, so I will deny her motions without prejudice.

But because of the sensitive nature of divorce proceedings and because Schiller includes a document from the court of appeals record stating that certain records marked confidential were sealed in her state court appeal, Dkt. 48-26, I will direct the clerk of court to wait to unseal the records currently sealed. I will give Schiller a final chance to explain what *specific* docket entries in this case should be sealed, along with her reason for each document to be sealed, citing to appropriate legal authority. I will direct the clerk of court to send Schiller a copy of the docket sheet to assist her in this task. If Schiller doesn't respond by the deadline set below, the clerk of court is directed to unseal the entire docket.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to amend her complaint, Dkt. 79, is DENIED.

2. Plaintiff's motions to supplement her responses to defendants' motions to dismiss, Dkts. 84 and 86, are GRANTED.

3. Defendants' motions to dismiss, Dkts. 44; 51; 54; 59, are GRANTED.

4. Plaintiff's motion for reimbursement of service fees, Dkt. 50, is DENIED.

5. Plaintiff's motions for extension of time of serve defendants Falk and Anday, Dkts. 65 and 77, are DENIED.

6. Plaintiff's motions to seal, Dkts. 47–49; 63; 66; 90, are DENIED without prejudice.

7. Plaintiff may have until February 16, 2024, to respond to this order regarding her request to seal certain docket entries.

8. Plaintiff's remaining motions are DENIED.

9. This case is DISMISSED. The clerk of court is directed to enter judgment for defendants and close the case.

10. The clerk of court is directed to send plaintiff a copy of the docket sheet.

Entered January 25, 2024.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge