IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICTORIA SCHILLER,

                     Plaintiff,

     v.

STATE OF WISCONSIN, SHEILA REIFF,
LISA FRIEDRICH, SHANE FALK,
SHELLY ANDAY, ANTHONY MENTING,
and THEODORE GURMAN,

                     Defendants.

OPINION and ORDER

23-cv-177-jdp

---

Plaintiff Victoria Schiller, proceeding without counsel, brought this lawsuit against her ex-husband and various lawyers and court staff involved in the litigation of her state-court divorce proceedings, contending that defendants violated her rights under federal and state law. I granted four sets of defendants' motions to dismiss the case, chiefly relying on the *Rooker-Feldman* doctrine to dismiss Schiller's claims attempting to undo the state-court judgment. Dkt. 94. I also dismissed Schiller's claims against two unserved defendants because the same arguments for dismissal applied to them. *Id.* Judgment was entered the same day. Dkt. 95.

Several motions are currently before the court, including Schiller's motions for reconsideration under Federal Rules of Civil Procedure 59 and 60. I will deny her motions but I will give her a final chance to submit an amended complaint stating a proper claim for relief. Three of the defendants move for attorney fees as the prevailing parties. I will deny those motions without prejudice.

ANALYSIS

## A.  Schiller's Rule 59 and 60 motions

Schiller submits a motion styled as one for relief from judgment under Rule 60(b), Dkt. 100, a supplement to that motion, Dkt. 113, and a motion styled as one to alter or amend the judgment under Rule 59(e), Dkt. 117.

On their own merits, Schiller's motions do not show that she is entitled to relief under either Rules 59 or 60. As with Schiller's operative complaint, these motions are extremely long (a combined 87 pages of argument asking to reconsider my 8-page opinion) and somewhat difficult to follow. But the main thrust of her filings is that the *Rooker-Feldman* doctrine doesn't apply to her federal claims because the Wisconsin Court of Appeals decision affirming the circuit court judgment was voided. *See Schiller v. Gurman*, 2021 WI App 27, ¶ 2, (unpublished table decision), 397 Wis. 2d 243, 959 N.W.2d 88. That is incorrect. Schiller seems to argue that the per curiam appellate decision was vacated because the court of appeals entertained her motion requesting that the court withdraw its decision and convert it to an authored, published opinion. But the state's electronic appellate docket does not show that the court withdrew its decision.[1]

Following briefing on her motions for reconsideration, Schiller filed a document titled "Letter requesting inclusion of evidence of fraud upon the court," arguing that the electronic appellate docket does not include all of the filings in her appeal. Dkt. 127. She attaches various appellate documents, including her motion asking the court of appeals to withdraw its decision, her letter asking for the judges' recusal, and orders denying her motions for recusal and to

---

[1] *See* https://wscca.wicourts.gov.

withdraw the opinion. Dkt. 127-2; Dkt. 127-4; Dkt. 127-5. These documents only confirm that the court of appeals did not withdraw its decision. Schiller raises a host of other arguments about the additional reasons I would have dismissed her claims even if the *Rooker-Feldman* doctrine didn't apply; none of them have any merit.

Nonetheless, I will consider reopening the case on my own motion because a recent Seventh Circuit Court of Appeals decision, *Gilbank v. Wood County Department of Human Services*, 111 F.4th 754 (7th Cir. 2024), has clarified the scope of the *Rooker-Feldman* doctrine as articulated in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), narrowing the scope of this doctrine from how I applied it in my previous decision. The court of appeals makes clear that courts "should no longer rely on the 'inextricably intertwined' language that has contributed to confusion in applying the *Rooker-Feldman* doctrine" and instead should apply the doctrine only when "the relief a plaintiff seeks would reverse a state court judgment." *Gilbank*, 111 F.4th at 761 (a portion of Judge Hamilton's lead opinion operating as the majority of the en banc court), and at 794 (a portion of Judge Kirsch's concurrence-in-part operating as the majority).

Portions of my previous ruling are undisturbed by *Gilbank*: as part of her relief requested, Schiller explicitly asks "[f]or a ruling on the invalidity of the past custody and placement decrees from the ordered binding arbitration." Dkt. 22, ¶ 148. The *Rooker-Feldman* doctrine prohibits this district court from undoing judgments against her "even if those challenges allege that the state court's action was unconstitutional." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). At least some of Schiller's claims for money damages are barred under the *Rooker-Feldman* doctrine because they seek recoupment of court-ordered fees to the guardian-ad-litem defendants or attorney fees awarded to defendant Theodore Gurman, her ex-husband.

See *Gilbank*, 111 F.4th at 795 (*Rooker-Feldman* doctrine bars damages claims that "would refund the money assessed against [defendants] and thereby void the judgment.").

Schiller might be trying to bring federal claims for money damages that wouldn't undo judgments assessed by the state court. But there are other problems with her allegations. Her 106-page complaint is too lengthy and too vague to put defendants or the court on notice of her claims. *See* Fed. R. Civ. P. 8(a)(2), (d)(1) (claim for relief must contain "short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct"). As I stated in my previous opinion, most of the defendants cannot ordinarily be sued under 42 U.S.C. § 1983; for instance, defendants Gurman and his attorney Menting, as private citizens, were not acting under color of state law, and the defendant guardians ad litem are immune from liability for acts within their court-appointed duties. Her vague allegations of a conspiracy among the state-court judge and all of the defendants involved in the divorce case are too vague and conclusory to support a claim. And without any federal claims in this case, I cannot consider any of Schiller's proposed state-law claims; this court cannot exercise diversity jurisdiction because she has already alleged that both she and Gurman are Wisconsin citizens.

The court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Because Schiller's current allegations are too unclear to tell for certain whether she can state a claim for relief, I will give her a final opportunity to submit an amended complaint complying with Rule 8 and my orders in this case. In drafting her amended complaint, Schiller must:

- Identify by full name all the individuals that she wishes to sue in the amended complaint's caption.

- Carefully consider whether she is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of her rights.

- Take care to allege what each defendant did, or failed to do, to violate her rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Schiller believes supports a claim, she should identify each defendant who took that action.

- Explain what remedies she seeks against each defendant.

- Omit legal arguments other than explaining what types of claims she wishes to assert.

- Limit the length of her amended complaint to 25 pages.

If Schiller files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If she does not provide an amended complaint by the date below, the case will remain closed.

## B.  Schiller's proposed amended complaint

Without the benefit of the guidance in this order, Schiller moves to amend her complaint to join as new defendants unidentified Dane County Circuit Court employees, Dkt. 129, and she submits a proposed second amended complaint, Dkt. 131. Her new claims against circuit court staff are difficult to understand. Schiller contends that "Branch 17 Court Clerk used court files and garnishment actions with Tegria Services Group . . . as communication between and among private parties, attorneys, and the court to plan the corruption." Dkt. 131, ¶ 33. Schiller also discusses a series of other circuit court actions in which she is not a party, involving money judgments and garnishments. She appears to allege that mishandling of records related to garnishment, including in her circuit court case, hampered her ability to file a successful appeal.

I will deny Schiller's motion for leave to amend her complaint with Dkt. 131 as futile. Her proposed amended complaint has the same Rule 8 problems as her current operative pleading. And her allegations of a conspiracy among defendants involving garnishments in various lawsuits involving other parties are conclusory and fanciful. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided."); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (complaint lacks arguable basis in fact when plaintiff's allegations "rise to the level of the irrational or the wholly incredible").

## C. Motions for attorney fees

Defendants Gurman, Menting, and Friedrich each move for attorney fees against Schiller under Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 1988(b). Dkt. 96; Dkt. 101; Dkt. 108. Defendant Menting has also filed a parallel motion for attorney fees as a sanction against Schiller under Federal Rule of Civil Procedure 11(c). Dkt. 104. Because I am allowing Schiller to file an amended complaint, I will deny these motions as premature.


ORDER

IT IS ORDERED that:

1. Plaintiff's motions for reconsideration, Dkt. 100; Dkt. 113; Dkt. 117, are DENIED.

2. Plaintiff's motion to amend her complaint, Dkt. 129, is DENIED.

3. Defendants' motions for attorney fees, Dkt. 96; Dkt. 101; Dkt. 104; Dkt. 108, are DENIED without prejudice as premature.

4. Plaintiff may have until October 11, 2024, to submit an amended complaint addressing the problems detailed in the opinion above.

Entered September 20, 2024.

                                      BY THE COURT:

                                      /s/

                                    _____

                                    JAMES D. PETERSON
                                    District Judge