IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICTORIA SCHILLER,

                            Plaintiff,

        v.                                                OPINION and ORDER

STATE OF WISCONSIN, SHEILA REIFF,
LISA FRIEDRICH, SHANE FALK,                               23-cv-177-jdp
SHELLY ANDAY, ANTHONY MENTING,
and THEODORE GURMAN,

                            Defendants.

---

Plaintiff Victoria Schiller, proceeding without counsel, brought this lawsuit against her ex-husband and various lawyers and court staff involved in the litigation of her state-court divorce proceedings, contending that defendants violated her rights under federal and state law. I granted four sets of defendants' motions to dismiss the case, chiefly relying on the *Rooker-Feldman* doctrine to dismiss Schiller's claims. Dkt. 94. I also dismissed Schiller's claims against two unserved defendants because the same arguments for dismissal applied to them. *Id.* Schiller moved to reopen the case under Federal Rules of Civil Procedure 59 and 60; I denied those motions but gave her a chance to submit an amended complaint stating a proper claim for relief given developments in the law in *Gilbank v. Wood County Department of Human Services*, 111 F.4th 754 (7th Cir. 2024) (en banc), narrowing the scope of the *Rooker-Feldman* doctrine. Dkt. 133.

Schiller has submitted an amended complaint, Dkt. 134. In my previous order I stated that I would screen that complaint to determine whether it stated any claims upon which relief may be granted. Dkt. 133, at 5. After screening Schiller's new amended complaint, I conclude that she still fails to state any federal claims for relief. Nor can this court exercise diversity

jurisdiction over Schiller's state-law claims. So this case will remain closed. I will also address several other motions filed by the parties.

## ANALYSIS

### A. Proposed amended complaint

In 2015, Schiller and her then-husband Theodore Gurman filed a joint petition for divorce in Dane County Circuit Court. *In re the marriage of Victoria Lynn Gurman and Theodore Howard Gurman*. Case No. 2015FA788. The judgment of divorce incorporated settlement agreements signed by the parties regarding division of property and child custody and placement. Gurman later moved to modify the parties' custody and placement agreement. Under the terms of the divorce judgment, the court referred that matter to an arbitrator, who granted Gurman's motion. Schiller's complaint concerns various alleged misconduct during those proceedings.

In her new amended complaint, Schiller removes various defendants from the caption, including Anthony Menting (Gurman's attorney), Shane Falk (a guardian ad litem appointed for Schiller in post-judgment proceedings), and various state of Wisconsin defendants. I will dismiss all of those defendants. Schiller now includes previously named defendants Gurman, Lisa Friedrich (a guardian ad litem appointed for Schiller and Gurman's minor child), Shelly Anday (a family court social worker), and she attempts to add as defendants Dane County and former Dane County Circuit Court Clerk Carlo Esqueda, parties present in at least one earlier version of her complaint.[1]

---

[1] Schiller also moves for entry of default, Dkt. 160, but I will deny that motion because I told the parties that I would screen Schiller's new amended complaint. Dkt. 133, at 5.

I limited Schiller's amended complaint to 25 pages, but even at a shorter length, many of her allegations are difficult to understand. *See* Fed. R. Civ. P. 8(a)(2), (d)(1) (claim for relief must contain "short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct"). In general, I take her to be saying that there were irregularities in her state-court proceedings and misconduct by defendants that violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution, the Federal Arbitration Act, the Parental Kidnapping Prevention Act (PKPA), and various state statutes, including Wisconsin's adoption of the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA).

I'll start with Schiller's federal-law claims. Schiller can't bring any claim under the PKPA because that law doesn't provide an implied cause of action in federal court. *See Thompson v. Thompson*, 484 U.S. 174, 186–87 (1988). And Schiller doesn't explain how she believes that she is entitled to relief under the Federal Arbitration Act, nor can I conceive of relief available to her under that law.

That leaves Schiller's constitutional claims. Schiller no longer asks to undo the judgment in her state-court case, which would be barred by the *Rooker-Feldman* doctrine even after *Gilbank*. She does ask for money damages for various alleged violations of her rights during the state court proceedings, which this court can consider even if those claims would imply that the state-court judgment was incorrect. *See Gilbank*, 111 F.4th at 792. But Schiller's new allegations continue to have problems similar to those with her previous complaints.

### 1. Gurman

Schiller attempts to bring claims against defendant Gurman, her ex-husband. But to state a claim for violation of her constitutional rights under 42 U.S.C. § 1983, a plaintiff must

3

allege that a person acting under color of state law deprived her of a federal right. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010). Gurman, who is a private citizen, wouldn't ordinarily act under color of state law. Schiller attempts to get around this problem by alleging that Gurman and governmental actors were part of a conspiracy to harm her. But her only allegations supporting this conspiracy are that Gurman knew of a hearing date before it was officially scheduled, submitted filings non-compliant with court rules that were accepted anyway, and downloaded Schiller's medical records that were used in court proceedings. She also makes a conclusory allegation that Gurman worked to bribe defendants Anday and Friedrich, but the only supporting allegation is that Anday charged more for her custody study than was allowed under a Dane County ordinance. None of these allegations are enough to properly allege that Gurman conspired with state-actor defendants. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [i]s not enough"). So Schiller doesn't state any constitutional claims against Gurman.

### 2. Friedrich

Schiller alleges that guardian ad litem Friedrich failed to report evidence of Gurman's abuse of the child she represented, misrepresented evidence relating to the potential abuse, and misrepresented a social sciences report. But as I have explained in previous orders in this case, guardians ad litem are immune for acts "occur[ing] within the course of their court-appointed duties." *Cooney*, 583 F.3d at 970. So Schiller can't bring a claim about Friedrich's conduct in court proceedings. Schiller's bribery conspiracy allegation potentially involves actions outside the scope of Friedrich's court-appointed duties. *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006) (court agents "can be sued if they step outside the scope of their agency and engage in

4

self-dealing"). But her allegations about this purported bribery scheme are far too vague and conclusory to support a claim against Friedrich.

### 3. Anday

Schiller alleges that Anday conspired with the other defendants by receiving bribes from them; I've already concluded that these allegations are too vague and conclusory to state a claim.

Schiller also alleges that "Anday investigated Schiller without suspicion in violation of the 4th amendment" and produced a report containing "many factual errors and omissions," Dkt. 134, at 11, and that Anday violated Wisconsin laws about unauthorized practice of law by making recommendations about the outcome of the proceedings. But Schiller's new amended complaint and its attachments make it clear that Anday was appointed by the state court to investigate, among other issues, "[t]he conditions of the child's home," "[e]ach party's performance of parental duties and responsibilities relating to the child," and "[a]ny other matter relevant to the best interest of the child," Wis. Stat. § 767.405(14) ("Legal Custody and Physical Placement Study"), and to prepare a report for the arbitrator "making recommendations for custody and/or placement of the parties' minor child," Dkt. 134-14, at 3 (state court's order appointing Anday). It is thus clear that Anday indeed had reason to investigate Schiller's fitness as a parent, and in any event, "court-appointed experts . . . are absolutely immune from liability for damages when they act at the court's direction." *Cooney*, 583 F.3d at 970. Schiller's new amended complaint doesn't state any claims against Anday.

### 4. Dane County defendants

Schiller attempts to sue both Dane County and the former clerk of the Dane County Circuit Court, Carlo Esqueda. Schiller's allegations are difficult to understand but I take her to

be saying that the circuit court judge made rulings conflicting with state statutes and that the Dane County Circuit Court has adopted various local rules regarding family court cases and alternative dispute resolution that are unlawfully inconsistent with state statutes. She attempts to impute to defendant Dane County the judge's rulings and the court's local rulemaking, but local rules are created by the judges of the circuit court, *see* Wis. Stat. § 753.35(1), and those judges are not agents of the county. *See* Wis. Stat. § 753.07(1) (recognizing judges as state employees); *Iowa Cnty. v. Iowa Cnty. Courthouse/Soc. Servs. Emps., Loc. 413, AFSCME, AFL-CIO*, 166 Wis. 2d 614, 619, 480 N.W.2d 499, 501 (1992) ("A circuit court judge is the local presence of the state. The judge is not a county employee or an agent of the county."). So she can't sue the county for the judges' actions. Nor can she sue former clerk of court Esqueda for executing the local rules. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (holding that court clerks are entitled to quasi-judicial immunity if their official duties have an integral relationship with the judicial process). Similarly, Esqueda has immunity regarding Schiller's allegation that Esqueda violated her rights by providing someone with a certified copy of an award against her. Schiller cannot proceed on claims against Dane County or Esqueda.

## 5. Conclusion

Schiller again fails to state any claims for relief under federal law. And as I have previously explained to Schiller, without any federal claims in this case I cannot consider any of her proposed state-law claims; this court cannot exercise diversity jurisdiction because she has already alleged that both she and at least one other defendant are Wisconsin citizens. Thus, even after multiple opportunities, Schiller has failed to properly allege any claims that this court can hear. This case will remain closed, I will not allow any further amendment of the complaint. *Cf. Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should dismiss

6

case for failure to state a claim after plaintiff fails to correct a pleading that violates Federal Rule of Civil Procedure 8).

## B. Other motions

Schiller moves to disqualify counsel for Gurman and former defendant Menting. Dkt. 155 and Dkt. 160. I've already granted Gurman's motion to substitute counsel, Dkt. 167, so Schiller's motion regarding Gurman's counsel is moot.

As for Menting's counsel, Schiller contends that she has a conflict of interest because she is also a supplemental court commissioner for the Dane County Circuit Court and thus employed by defendant Dane County, and that she also applies the local rules at issue in her complaint. But this court has previously concluded that court commissioners in Wisconsin are state officers, not county officers. *Thompson v. Rock Cnty.*, 648 F. Supp. 861, 867 (W.D. Wis. 1986). And in any event, this case isn't proceeding with any of Schiller's claims, so she fails to meet her heavy burden of proving sufficient reason to disqualify opposing counsel. *See Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721–22 (7th Cir. 1982) (Attorney disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary," and "should be viewed with extreme caution for they can be misused as techniques of harassment."); *E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-cv-629-slc, 2010 WL 1981640, at *4 (W.D. Wis. May 17, 2010) ("[T]he moving party bears the heavy burden of proving facts required for disqualification."). I will deny Schiller's motion.

Defendants Gurman, Menting, and Friedrich previously moved for attorney fees against Schiller, which I denied as premature pending Schiller's opportunity to amend her complaint. Dkt. 133, at 6. I will now give defendants a chance to renew and supplement their motions.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for entry of default, Dkt. 165, is DENIED.

2. Plaintiff's proposed amended complaint, Dkt. 134, is DISMISSED.

3. Plaintiff's motion to disqualify counsel for defendant Gurman, Dkt. 155, is DENIED as moot.

4. Plaintiff's motion to disqualify counsel for defendant Menting, Dkt. 160, is DENIED.

5. Defendants may have until October 14, 2025, to renew and supplement their motions for attorney fees.

Entered September 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge