IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICTORIA SCHILLER,

Plaintiff,

v.

STATE OF WISCONSIN, SHEILA REIFF, LISA FRIEDRICH, SHANE FALK, SHELLY ANDAY, ANTHONY MENTING, and THEODORE GURMAN,

Defendants.

ORDER

23-cv-177-jdp

---

This order concerns plaintiff Victoria Schiller's attempt to reopen the case and defendants Theodore Gurman's, Anthony Menting's, and Lisa Friedrich's motions for attorney fees and sanctions against her. Schiller, proceeding without counsel, brought this lawsuit against her ex-husband and various lawyers and court staff involved in the litigation of her state-court divorce proceedings, contending that defendants violated her rights under federal and state law. I dismissed the case, chiefly relying on the *Rooker-Feldman* doctrine to dismiss Schiller's claims. Dkt. 94. I later considered reopening the case after the Court of Appeals' decision in *Gilbank v. Wood County Department of Human Services*, 111 F.4th 754 (7th Cir. 2024) (en banc), narrowed the scope of the *Rooker-Feldman* doctrine, but I denied Schiller's motions to reopen the case because her proposed amended complaint still failed to state any claims for relief under federal law. Dkt. 133 and Dkt. 171.

Schiller again attempts to reopen the case with a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Dkt. 172. She also moves to stay this case because she has brought similar claims in state court. Dkt. 195. I will deny both motions. I might consider staying this case if Schiller had active parallel claims in both this court and the state-court

system, but nothing in Schiller's Rule 60 motion persuades me that this case should be reopened. As with most of Schiller's filings, her Rule 60 motion is exceedingly long (46 pages) and difficult to understand. She states that the judgment in this case is void and was procured by fraud, and that newly discovered evidence supports her claims. But nothing that she addresses in the motion itself or that is contained in the various exhibits attached to her complaint suggests an exceptional circumstance that would warrant undoing the judgment under Rule 60(b). *See In re Cook Med., Inc.*, 27 F.4th 539, 542 (7th Cir. 2022) ("Rule 60(b) relief is an extraordinary remedy granted only in exceptional circumstances." (internal quotations omitted)). In particular, she continues to fail to allege facts supporting a conspiracy among the various defendants to harm her that would be necessary to maintain constitutional claims against most of the defendants. Because I am not reopening the case, the only issue left to address is defendants' motions for attorney fees and sanctions; there isn't any reason to stay resolution of those motions, regardless of Schiller's litigation in state court.

On to the question of attorney fees and sanctions. I denied defendants' initial motions as premature given the opportunity that I had given Schiller to amend her complaint. Dkt. 133, at 6. After denying Schiller leave to amend her complaint, I directed the parties to renew and supplement their motions, Dkt. 171, at 7, which they have. Dkt. 173 (Friedrich's motion for attorney fees); Dkt. 176 (Menting's motion for attorney fees); Dkt. 179 (Menting's motion for Rule 11 sanctions); Dkt. 183 (Gurman's motion for attorney fees).

Under 42 U.S.C. § 1988, a court may award "a reasonable attorney's fee" to "the prevailing party" in various types of civil rights cases, including suits brought under §§ 1983, 1985, and 1986, as Schiller attempted to bring here. *Fox v. Vice*, 563 U.S. 826, 832–33 (2011). But fees aren't warranted every time a plaintiff loses a case. Rather, a winning defendant may

be awarded fees only if the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (internal quotations omitted). In such a case a fee award "is clearly appropriate to deter frivolous filings and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded with baseless litigation." *Coates v. Bechtel*, 811 F.2d 1045, 1050 (7th Cir. 1987). This standard does not require a finding that the plaintiff brought frivolous claims in subjective bad faith. *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

I conclude that imposition of attorney fees is appropriate here because Schiller's claims against defendants Gurman, Menting, and Friedrich were clearly frivolous. In particular, Schiller's claims under §§ 1983, 1985, and 1986 required her to allege either a conspiracy motivated by racial or other class-based discriminatory animus, or that these defendants were state actors not entitled to immunity for their actions. Yet Schiller pressed on with claims against these defendants despite their relationship to the underlying state-court litigation strongly suggesting that she would be unable to state a claim for relief against them (Gurman is Schiller's ex-husband, Menting was Gurman's attorney, and Friedrich appeared as a guardian ad litem). Schiller's multiple attempts at pleading fell woefully short of stating claims under these theories, causing defendants to expend resources seeking dismissal of these frivolous claims. So I will grant defendants' motions for attorney fees.

I will request more information before deciding the amount of fees to award. Defendants have each stated that they would, on request, submit billing statements supporting their claims for fees. I will give them a short deadline to do so. Also, I may consider whether to reduce the fee award based on equitable factors, including a plaintiff's inability to pay the full

award. *Munson v. Friske*, 754 F.2d 683, 697 (7th Cir. 1985). Schiller paid the full filing fee for this case, so at present I cannot gauge her ability to pay a fee award. I will direct the clerk of court to send Schiller a copy of the court's non-prisoner application to proceed without prepaying the filing fee, not to consider her for such filing status, but rather to use the financial information Schiller provides on that form to gauge her ability to pay attorney fees.

As for defendant Menting's parallel motion to sanction Schiller under Federal Rule of Civil Procedure 11, I will deny that motion as moot given my award of fees to him under § 1988.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion for relief from judgment, Dkt. 172, is DENIED.

2. Plaintiff's motion to stay the case, Dkt. 195, is DENIED.

3. Defendants' motions for attorney fees, Dkt. 173; Dkt. 176; Dkt. 183, are GRANTED.

4. Defendant Menting's motion for Rule 11 sanctions, Dkt. 179, is DENIED as moot.

5. Defendants may have until October 6, 2026, to submit billing statements in support of their motions for attorney fees.

6. The clerk of court is directed to send plaintiff a copy of the court's non-prisoner application to proceed without prepaying fees or costs.

7. Plaintiff may have until October 6, 2026, to fill out that form and return it to the court.

8. The parties may have until October 20, 2026, to respond to the other side's submissions.

Entered September 14, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge